IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JAMES BAKER,<br><br>               Plaintiff,<br><br>     v.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br><br>               Defendant. | C.A. No. 6:13-1189-JMC |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§1331 and 1441, and states the following grounds for removal:

1. Plaintiff instituted this action on or about April 1, 2013, in the Court of Common Pleas for Greenville County, South Carolina, Civil Action Number 2012-CP-23-01813 (hereinafter referred to as the "State Action").

2. Plaintiff served Liberty Life with a copy of the Summons and Complaint on or about April 8, 2013. True and correct copies of the Summons and Complaint served upon Liberty Life are attached as Exhibit A.

3. Liberty Life has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the State Court.

4. Removal is proper under 28 U.S.C. §1441(a) because this Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as this action involves claims that relate to the laws of the United States – specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

5.     ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. §1003.  An "employee benefit plan" is defined as a "welfare benefit plan" or a "pension benefit plan."  29 U.S.C. §1002(3).  A plan is a welfare benefit plan if it "was <u>established or is maintained</u> for the purpose of providing for its participants or their beneficiaries, <u>through the purchase of insurance or otherwise</u> . . . benefits in the event of sickness, accident, <u>disability</u>, death or unemployment."  29 U.S.C. §1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

6.     Plaintiff alleges that he was an employee of Dick's Sporting Goods ("DSG") and a participant on the DSG Long-Term Disability Plan ("LTD Plan") and the DSG life insurance plan ("Life Plan"), (Complaint , ¶¶ 1,2), and that both Plans are insured by Liberty Life.  (Id. at ¶ 3.)  A copy of the Policy is attached as Exhibit B.[1]

7.     As relief, Plaintiff seeks an award of long-term disability benefits under the LTD Plan and a waiver of premium award under the Life Plan.  (Id. at ¶ 21.)  Plaintiff expressly alleges that both plans "are governed by the Employee Retirement Income Security Act of 1974 . . . 29 USC §§1001, *et. seq*."  (Complaint, ¶ 5.)   Plaintiff further evokes the jurisdiction of the court pursuant to 29 U.S.C. § 1132(e) (Complaint, ¶ 6) and requests relief pursuant to 29 USC §§ 1132(a)(1)(B) and 1132(g) (Complaint, ¶¶ 21-23.)

8.     Accordingly, the Complaint establishes on its face that Plaintiff's claims are subject to ERISA and that, accordingly, this matter is removable to this Court under the Court's federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1441(a).

---

[1] The Policy has been Bates Numbered for convenience of the Court.  Hereinafter, citations to this document will be to the Bates Page Number, e.g., "BPN 000001."

9. Further, the Policy demonstrates that (1) the Plan was established and is maintained by DSG (Policy (Ex. B) BPN 000001 (identifying DSG as "sponsor")), (2) the Plan provides certain group disability benefits to eligible full-time DSG employees (id., BPN 000003 (setting out eligibility requirements) and BPN 000010 (definition of "Covered Person")), (3) benefits under the Plan are funded by Liberty Life through the Policy, (id., BPN 000001 (stating that Liberty Life "agrees to pay the benefits provided by this policy in accordance with its provisions")), and (4) DSG has the authority to unilaterally terminate the Policy, without consultation with participants, upon 31 days' notice to Liberty Life. (Id., BPN 000049, at ¶ 2). The Policy also provides the procedures for submitting Notice and Proof of Claim to Liberty Life. (Id., 000052). These factors establish that the Plan is an employee welfare benefit plan as defined by ERISA. Custer v. Pan American Life Ins. Co., 12 F.3d 410, 417 (4th Cir. 1993) ("[t]he existence of a plan may be determined from the surrounding circumstances to the extent that a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits") (citation omitted).

10. Accordingly, even apart from the express allegations of the Complaint, it is plain that Plaintiff's claims are subject to ERISA and that, accordingly, this matter is removable to this Court under the Court's federal question jurisdiction.

11. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

12. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

13. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. §1446(d).

14. By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all Parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendant gives notice that the referenced action pending in the Court of Common Pleas for Florence, South Carolina, Civil Action Number 2012-CP-21-581, has been removed to this Court.

Respectfully submitted,

s/Robert M. Wood
Robert M. Wood (Fed. Bar No. 7811)
Ashley B. Abel (Fed. Bar No. 1032)
JACKSON LEWIS LLP
One Liberty Square
55 Beattie Place, Suite 800
Greenville, South Carolina 29601
Telephone: 864-232-7000
Email: woodr@jacksonlewis.com
         abela@jacksonlewis.com

ATTORNEYS FOR DEFENDANT
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

DATED this 1st day of May 2013.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2013, I caused the within document to be served on Plaintiff's counsel by United States First Class Mail, postage prepaid, addressed as follows:

>John R. Peace, Esq.
>P.O. Box 8087
>1225 S. Church St.
>Greenville, SC 29604-8087

>s/ Robert M. Wood
>Robert M. Wood

DATED this 1st day of May 2013